UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TIFFANY THOMASON,<br>*Plaintiff*<br><br>v.<br><br>WORLD FINANCE,<br>*Defendant* | §<br>§<br>§<br>§  Case No. 1:23-CV-00109-ADA<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:  THE HONORABLE ALAN ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant World Finance's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and Brief in Support, filed March 23, 2023 (Dkt. 9); Plaintiff's Response, filed April 10, 2023 (Dkt. 13); and Defendant's Reply, filed April 17, 2023 (Dkt. 14). The District Court referred the Motion to this Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 15.

**I.  Background**

Plaintiff Tiffany Thomason sues Defendant World Finance for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 s-2(b)(1)(A)-(D).[1] Thomason alleges that she applied for a residential mortgage loan on October 21, 2022. Dkt. 7 (Amended Complaint) ¶ 23. After her application was denied, Thomason alleges that she obtained a copy of her credit report

---

[1] Thomason also named Regional Finance Corporation of Texas and Experian Information Solutions, Inc. as defendants in the First Amended Complaint. The District Court dismissed them after Thomason failed to respond to their motions to dismiss or show cause why the action should not be dismissed for want of prosecution against them. Dkt. 18.

and "discovered incomplete and inaccurate false information." *Id.* Thomason mailed a letter to Transunion LLC, Equifax Information Services, LLC, and Experian Information Solutions, LLC to "dispute the accuracy and completeness of the information" the same day and continued disputing the information every month before filing suit. *Id.* ¶ 27.

Thomason alleges that her credit report showed that World Finance furnished her a tradeline of $676 and reported a charge off every month from August 2022 to February 2023. *Id.* ¶¶ 26, 35. She alleges that World Finance's reporting was inaccurate because a "charge off" is a one-time event in which a creditor writes an account off as a loss and closes the account. *Id.* ¶¶ 30, 76. Thomason alleges that after World Finance was notified of the dispute, it "failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to status, and payment history." *Id.* ¶ 42. Thomason also alleges that World Finance "failed to notate that the tradeline information was being disputed." *Id.* ¶ 28. Thomason states that these actions continue to affect her "creditworthiness, credit score, and ability to acquire credit on otherwise superior terms." *Id.* ¶ 45.

## II. Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. "A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (quotation marks and citation omitted). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

Thomason is proceeding in this case pro se, and "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). But even under this lenient standard, self-represented litigants must abide by the rules that govern the federal courts. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). Therefore, "pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.*

### III.  Analysis

World Finance argues that Thomason has not stated a claim because she identifies neither the "nature of the purportedly incomplete and inaccurate false information that was allegedly reported" nor "any meritorious or bona fide dispute that would trigger any obligations by a

furnisher of information to the credit bureaus." Dkt. 9 at 2. World Finance argues that reporting a charge off does not constitute a false or misleading act under the FCRA. Thomason responds that World Finance did not conduct a reasonable investigation into the dispute because it did not update the inaccurate information, mark the tradeline as disputed, or remove the tradeline. Thomason also argues that World Finance's failure to "flag [her] account as disputed" constitutes a material inaccuracy. Dkt. 13 at 5.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). While the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations for "furnishers of information" to provide accurate information to consumer credit reporting agencies. *Davis v. World Fin. Network Nat'l Bank*, 2009 WL 4059202, at *2 (N.D. Tex. Nov. 20, 2009). The FCRA does not define "furnisher of information," but courts have construed the term broadly to mean "an entity which transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010), *R. & R. adopted*, 2010 WL 11652114 (W.D. Tex. Sept. 20, 2010). World Finance does not dispute that it is a "furnisher of information" under the Act.

To state a claim against a furnisher under § 1681s-2(b) of the FCRA, a plaintiff must allege that she notified a consumer reporting agency of inaccurate information, the consumer reporting agency notified the furnisher of the dispute, and the furnisher failed to conduct an investigation, correct any inaccuracies, and notify the consumer reporting agency of the results of the investigation. *Ostiguy v. Equifax Info. Servs., LLC*, No. 5:16-CV-790-DAE, 2017 WL 1842947, at *5 (W.D. Tex. May 4, 2017), *aff'd*, 738 F. App'x 281 (5th Cir. 2018). Section 1681s-2(b) also

"requires a showing of a factual inaccuracy in suits against furnishers" because "damages would be impossible to prove without an inaccuracy." *Id.* (collecting cases). A credit entry is "inaccurate" within the meaning of the FCRA if "it is patently incorrect" or "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998).

The Court finds that Thomason has not alleged an "inaccurate" credit entry under the FCRA. Thomason does not dispute that she owes a debt to World Finance. The only nonconclusory allegation in the complaint about the credit entry is that World Finance reported her account as charged off each month. A "charge off" is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely. *Charge Off*, BLACK'S LAW DICTIONARY (11th ed. 2019). A "'charge-off' is an internal accounting matter that has no legal significance with respect to the collectability of the debt." *Windsor Mortg. Holdings Ltd. v. Pyron*, No. 2:17-CV-170, 2018 WL 4901072, at *1 (S.D. Tex. Oct. 9, 2018) (citing *Long v. Turner*, 134 F.3d 312, 317-18 (5th Cir. 1998)). The FCRA allows credit reporting agencies to retain a "charged off notation" on a consumer's credit report for up to seven years. 15 U.S.C. § 1681c(a)(4).

Although no court in this Circuit appears to have addressed the issue, courts across the country have rejected the argument that reporting recurring charge offs is actionable under the FCRA. *See Otto v. TransUnion, LLC*, No. 6:21-CV-00379-AA, 2022 WL 787940, at *3 (D. Or. Mar. 15, 2022) (collecting cases). Repeated reports of a single charge off event are not misleading because a "bank's reporting of an account as charged off on a recurring basis only shows that the outstanding debt has yet to be repaid." *Makela v. Experian Info. Sols., Inc.*, No. 6:21-CV-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021); *see also Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[T]here is nothing to indicate, as Plaintiff intimates, that anyone

would believe there has been more than one charge off because, as all parties agree, there is only one charge off event."). The Court agrees with this reasoning, and Thomason presents no contrary authority.

Thomason also argues that:

> [F]ailure to flag the account as disputed also constitutes a material inaccuracy under § 1681a-2(b). A private cause of action arises under 15 U.S.C. §1681a-2(b) when, having received notice of a consumers potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed.

Dkt. 13 at 5. Without recognizing a cause of action under § 1681s-2(b) for failing to notate a dispute, courts in this Circuit have held that any claim against a furnisher must be based on a "'bona fide' or meritorious" dispute. *Lawson v. Navient*, No. H-17-3465, 2018 WL 3370657, at *3 (S.D. Tex. May 18, 2018), *R. & R. adopted*, 2018 WL 3329861 (S.D. Tex. July 5, 2018); *Reeves v. Nelnet Loan Servs.*, No. 4:17-CV-3726, 2018 WL 2200112, at *6 (S.D. Tex. May 14, 2018).[2]

Because Thomason's only allegation is that World Finance reported multiple charge offs, which are not misleading or inaccurate, the Court finds that she has not alleged facts supporting a bona fide or meritorious dispute. Without an allegation of an inaccuracy or a bona fide dispute, she has not stated a claim under § 1681s-2(b). *See Lawson*, 2018 WL 3370657, at *3 (dismissing claim against furnisher for failure to notate dispute because plaintiff alleged no facts to support existence of bona fide dispute); *Ostiguy*, 2017 WL 1842947, at *5 (dismissing claim against furnisher for failure to investigate and failure to correct inaccurate information because plaintiff's allegations did not constitute inaccuracies).

---

[2] This court has recognized a claim against a credit reporting agency – not a furnisher – for failure to notate a dispute, but required that the dispute be bona fide or have an indicium of merit. *Hurst v. Equifax Info. Servs.*, No. 20-CV-1366-JKP-ESC, 2021 WL 5926125, at *8 (W.D. Tex. Dec. 15, 2021). *Id.*

6

In her response, Thomason requests leave to file an amended complaint if the Court finds her pleadings deficient. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Thomason neither submits a proposed amended complaint nor describes any other facts she would plead to cure the defects in her claims. Without a proposed amended complaint, the Court cannot assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to inform court of facts movant would plead in amended complaint to cure any deficiencies). Thomason has amended her complaint once and had the opportunity to state a plausible claim for relief in her response brief, but has not done so. Therefore, the Court recommends that her request for leave to amend be denied as futile.

### IV.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant World Finance's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and Brief in Support (Dkt. 9) and dismiss Plaintiff's claims with prejudice.

The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's request for leave to amend.

It is **ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Alan Albright.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 6, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE